UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY VELEZ,<br><br>      Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>      Defendant. | Case No. 3:15-cv-05104-KLS<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

  Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be affirmed.

FACTUAL AND PROCEDURAL HISTORY

  On November 16, 2011, plaintiff protectively filed an application for disability insurance benefits, alleging disability as of August 11, 2009. *See* Dkt. 7, Administrative Record ("AR") 20. This application was denied upon initial administrative review on February 28, 2010, and on reconsideration on April 16, 2012. *See id.* A hearing was held before an administrative law judge

ORDER - 1

("ALJ") on May 15, 2013, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. *See* AR 60-103.

In a decision dated June 27, 2013, the ALJ determined plaintiff to be not disabled. *See* AR 17-59. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on December 22, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1-5; 20 C.F.R. § 404.981. On February 19, 2015, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 1. The administrative record was filed with the Court on May 1, 2015. *See* Dkt. 7. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred: (1) in determining plaintiff's severe impairments; (2) in discounting plaintiff's credibility; (3) in evaluating the medical evidence in the record; (4) in assessing plaintiff's residual functional capacity ("RFC"); and (5) in finding him to be capable of performing other jobs existing in significant numbers in the national economy. For the reasons set forth below, the undersigned disagrees that the ALJ erred in determining plaintiff to be not disabled, and therefore recommends that defendant's decision to deny benefits be affirmed.

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*,

ORDER - 2

359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (*quoting Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I.  The ALJ's Step Two Determination

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. If the claimant is found disabled or not disabled

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* At step two of the evaluation process, the ALJ must determine if an impairment is "severe." 20 C.F.R. § 404.1520. An impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(iii), (c); *see also* Social Security Ruling ("SSR") 96-3p, 1996 WL 374181 *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b); SSR 85- 28, 1985 WL 56856 *3.

An impairment is not severe only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL 56856 *3; *see also Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988). Plaintiff has the burden of proving that his "impairments or their symptoms affect [his] ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998). The step two inquiry described above, however, is a *de minimis* screening device used to dispose of groundless claims. *See Smolen*, 80 F.3d at 1290.

Plaintiff argues the ALJ erred by not finding his hearing loss, neck pain, hypertension, and several mental health impairments to be severe impairments. Plaintiff further argues that any attempt by this Court to affirm the ALJ's decision would amount to a *post hoc* rationalization in light of the ALJ's failure to discuss his hypertension. *See Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (error to affirm ALJ's decision based on evidence ALJ did not discuss). However, plaintiff has not pointed to any objective medical evidence in the record indicating that these impairments,

ORDER - 4

including his hypertension, actually have had more than a minimal effect on his ability to do work-related activities. *See* Dkt. 9, pp. 5-6 (citing AR 107, 323, 330, 477, 499, 953, 967, 971, 1438, 1442, 1451, 1525, 1536); SSR 85-28, 1985 WL 56856, at *4 (at step two "medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities"). As such, any error on the ALJ's part in failing to mention plaintiff's hypertension was harmless, irrespective of whether a finding of no error would amount to a *post hoc* rationalization. *See Stout v. Comm'r, Soc. Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (error harmless where non-prejudicial to claimant or irrelevant to ultimate disability conclusion); *Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007) (any error on part of ALJ would not have affected "ALJ's ultimate decision.").

Any error in failing to properly assess the severity of the above impairments is harmless as well, furthermore, because the ALJ did not find plaintiff to be disabled at step two, but instead proceeded on to the remaining steps of the sequential disability evaluation process. *See* AR 22-52; *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005) (any error in failing to consider obesity at step two harmless because ALJ did not err in evaluating impairments at later steps); *Hubbard v. Astrue*, 2010 WL 1041553 *1 (9th Cir. 2010) (because claimant prevailed at step two and ALJ considered claimant's impairments later in sequential analysis, any error in omitting them at step two was harmless) (citing *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (ALJ's error in failing to list bursitis at step two harmless, where ALJ's decision showed any limitations posed thereby was considered later in sequential disability evaluation process). Although plaintiff argues that errors at step two "led to errors in the Commissioner's determination of [his] RFC," he fails to point out what those error are. Dkt. 9, p. 6.

ORDER - 5

II.     The ALJ's Assessment of Plaintiff's Credibility

Questions of credibility are solely within the control of the ALJ. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen*, 749 F.2d at 580. In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *See id.* at 579. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. The evidence as a whole must support a finding of malingering. *See O'Donnell v. Barnhart*, 318 F.3d 811, 818 (8th Cir. 2003).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen*, 80 F.3d at 1284. The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. *See id.*

The ALJ found plaintiff's allegations of disabling symptoms and limitations to be not

ORDER - 6

fully credible for a number of reasons, noting, for example, that the treatment record was inconsistent with those allegations. *See* AR 41-42. A determination that a claimant's complaints are inconsistent the objective medical evidence in the record can satisfy the clear and convincing requirement. *Regennitter v. Commissioner of Social Security Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). Plaintiff does not directly attack this reason for discounting his credibility or address the specific portions of the record the ALJ cites in support of her finding here, but instead points to an earlier comment by the ALJ that the source of a report by plaintiff that he had a five-pound lifting and carrying limit during an occupational therapy evaluation, arguing this statement is not supported in the record. *See* Dkt. 9, p. 7 (citing AR 38). Even if plaintiff is correct, he offers no rebuttal to the other examples of inconsistency between his allegations and the objective medical evidence in the record cited by the ALJ.

Nor does plaintiff challenge any of the several other reasons offered by the ALJ for finding him to be less than entirely credible – such as failure to seek greater treatment for his mental health impairments, activities of daily living that reflected no greater limitations than those adopted by the ALJ, inconsistent statements made to medical sources, and inconsistencies regarding alcohol use – which constitute proper bases for discounting a claimant's credibility.[2] *See* AR 43-45; *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (upholding discounting of claimant's credibility in part due to lack of consistent treatment, noting the fact that claimant's pain was not sufficiently severe to motivate her to seek treatment, even if she had sought some treatment, was powerful evidence regarding extent to which she was in pain); *Meanal v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (ALJ properly considered claimant's failure to request

---

[2] *See Carmickle v. Commissioner of Social Security Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (issue not argued with specificity in briefing will not be addressed); *Paladin Associates., Inc. v. Montana Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003) (by failing to make argument in opening brief, objection to grant of summary judgment was waived); *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir.1998) (matters not specifically and distinctly argued in opening brief ordinarily will not be considered).

ORDER - 7

serious medical treatment for supposedly excruciating pain); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (ALJ properly found prescription for conservative treatment only to be suggestive of lower level of pain and functional limitation); *Smolen*, 80 F.3d at 1284 n.7 (ALJ may consider claimant's daily activities); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (failure to assert good reason for not seeking treatment "can cast doubt on the sincerity of the claimant's pain testimony").

III.   The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample*, 694 F.2d at 642. In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Commissioner of the Social Security Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

ORDER - 8

opinion of either a treating or examining physician. *Lester*, 81 F.3d at 830. Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent*, 739 F.2d at 1394-95 (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter*, 642 F.2d at 706-07; *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan*, 242 F.3d at 1149. An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

      a.     *Dr. Blair*

Plaintiff asserts the ALJ erred in improperly discrediting the opinion of Dr. John Blair, M.D. *See* Dkt. 9, pp. 8-9. On January 14, 2011, Dr. Blair completed a work assessment form in which he found that plaintiff could occasionally sit, stand/walk, climb, bend/stoop, squat/kneel, and crawl, and that plaintiff could occasionally lift 20 pounds but carry only one pound. *See* AR 1018. The ALJ discredited this opinion because it was "a hastily completed check-the-box form … instead of a reasoned assessment of the claimant's function by function capacity." *See* AR 47-

ORDER - 9

48. Also, the ALJ found that the form was not consistent with the medical evidence in the record. *See* AR 48.

An ALJ "may 'permissibly reject[ ] ... check-off reports that [do] not contain any explanation of the bases of their conclusions.'" *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (*quoting Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996)); *see also Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) ("[T]he regulations give more weight to opinions that are explained than to those that are not."); *Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983) (expressing preference for individualized medical opinions over check-off reports).

Here, while the ALJ did not explicitly discredit the form for a lack of explanation, it can be inferred that this is what the ALJ meant in stating that it was "hastily completed" instead of being a "reasoned assessment." *See Magallanes*, 881 F.2d at 755 (court may draw "specific and legitimate inferences from the ALJ's opinion"). The Court finds no error on the ALJ's part in so finding, given that as the ALJ noted, Dr. Blair merely drew a straight line through the column marked "occasional" for all functional limitations without any further comment. *See* AR 48, 1018. The ALJ, therefore, reasonably discounted Dr. Blair's opinion on this basis.

b. *Dr. Hart*

Plaintiff next asserts the ALJ erred in improperly discrediting the opinion of Jeffrey Hart, M.D., which was first submitted to the Appeals Council only after the hearing. A reference to that opinion, however, is contained in the portion of the record that was before the ALJ, in regard to which the ALJ found as follows:

> In his second report, [H. Richard] Johnson[, M.D.,] made reference to a psychiatric evaluation performed by Jeffery Hart, on July 27, 2012. *See* Ex 27F/27-28. This evaluation was not included among the documents submitted by the claimant's representative from Dr. Hart. *See* Ex 30F. Of note, counsel

ORDER - 10

> reported at the hearing that the record was complete. According to Dr. Johnson, Dr. Hart had concluded that, without psychotherapy, physical rehabilitation, pain management, and vocational counseling, the claimant would be unlikely to be successful in securing gainful employment. Ex 27F/28. As with the other conclusory statements that the claimant is disabled or unable to work, this statement is not a medical opinion that must be evaluated under 20 C.F.R. § 404.1527(d) and is instead a legal assertion on the ultimate issue in this case, which is reserved to the Commissioner. The undersigned therefore gives the opinion very little weight.

AR 49. Plaintiff argues the ALJ erred in relying only on what Dr. Johnson stated with respect to Dr. Hart's evaluation report, rather than creating "a full record" by obtaining a copy thereof from either Dr. Hart himself or from plaintiff's attorney. Dkt. 9, pp. 9-10.

Plaintiff does not rebut the ALJ's assertion, though, that he failed to provide Dr. Hart's report even though it clearly had been issued prior to Dr. Johnson's own report, or the assertion that at the hearing plaintiff's attorney reported that the record in fact was complete. But even if the ALJ should have further developed the record by attempting to obtain the report, plaintiff has not shown that any such failure to do so constitutes harmful error. An ALJ has the duty "to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citations omitted). However, it is only where the record contains "[a]mbiguous evidence" or the ALJ has found "the record is inadequate to allow for proper evaluation of the evidence," that the ALJ's duty to "conduct an appropriate inquiry" is triggered. *Id.* (citations omitted). There is no ambiguity with respect to Dr. Hart's actual opinion and the ALJ did not find the record inadequate.

Plaintiff has the burden of establishing the asserted error resulted in actual harm. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). As noted above, however, an error is harmless if it is "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Parra*, 481 F.3d at 747. Plaintiff does not contest the

ORDER - 11

ALJ's finding that Dr. Hart's opinion consists of a conclusory legal assertion concerning the ultimate issue of disability, which is reserved solely to the Commissioner.[3] *See* 20 C.F.R. § 404.1527(e) (medical opinions given no special significance to issues reserved to Commissioner, including claimant's residual functional capacity and application of vocational factors); *Batson*, 359 F.3d at 1195 (an ALJ need not accept the opinion of a physician that is conclusory). Indeed, Dr. Hart assessed no specific functional limitations. *See* AR 1632. As such, any error on the part of the ALJ in failing to obtain Dr. Hart's opinion was harmless.

IV.     The ALJ's Assessment of Plaintiff's Residual Functional Capacity

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." SSR 96-8p, 1996 WL 374184 *2. A claimant's RFC assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *See id.*

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all

---

[3] Plaintiff does argue, as he did in regard to the ALJ's failure to discuss his hypertension, that "any weighing" of the ALJ's treatment of Dr. Hart's opinion would amount to a *post hoc* rationalization, because as just noted that opinion was submitted for the first time to the Appeals Council, and therefore the Court's determination could not be based on the reasoning offered by the ALJ. Dkt. 9, p. 10. But as also just noted, the ALJ did offer a reason – and a valid one at that – for not accepting Dr. Hart's opinion. When new evidence is submitted for the first time to the Appeals Council, furthermore, it becomes part of the record the Court "must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Commissioner of Social Security Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). Again, given that Dr. Hart merely offered a conclusory legal assertion on an issue reserved to the Commissioner, under either scenario plaintiff has failed to establish any harmful error.

ORDER - 12

of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

Here, the ALJ found that plaintiff had the RFC to perform:

> **. . . light work, which is defined in 20 CFR 404.1567(b) as work involving lifting and carrying 20 pounds occasionally and 10 pounds frequently and standing and/or walking for up to 6 hours in an 8-hour workday. He can occasionally climb ramps and stairs but never ladders, ropes, or scaffolds. He is can occasionally [sic] balance, stoop, kneel, crouch, and crawl. He can frequently push and pull with the bilateral lower extremities. He can occasionally finger with the right upper extremity and frequently handle with the right upper extremity. The claimant is able to perform simple routine tasks in a predictable environment in work that involve no direct work with the public and superficial interaction with co-workers. He must avoid exposure to extremes in cold, vibration, and hazards.**

AR 25 (emphasis in original). Plaintiff argues that given the ALJ's harmful errors alleged above, the RFC with which the ALJ assessed him is incomplete. But because, as discussed above, the ALJ did not commit any harmful error, so too the ALJ did not err here.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is AFFIRMED.

DATED this 5th day of August, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 13